```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND

                               :
DONALD E. YOUNG
                               :

     v.                        :   Civil Action No. DKC 20-0375

                               :
POSTMASTER GENERAL LOUIS DEJOY
U.S. Postal Service            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this age discrimination suit is Defendant's motion to dismiss for failure to state a claim, raising primarily an exhaustion defense as its central ground for dismissal. (ECF No. 13). Notice was sent to Mr. Young warning that the failure to file a timely or adequate response could result in his case being dismissed. (ECF No. 14). Plaintiff sought and was granted additional time to respond. (ECF Nos. 15 and 16), but Mr. Young has not responded. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

The following facts are set forth in the complaint. Plaintiff Donald E. Young is a resident of Maryland and an employee of the United States Postal Service ("USPS"). He was a member of the "Motor Vehicle Service ['MVS'] Craft" and a "Motor Vehicle Operator" until 2006, when he was removed from this position due

to an "alcohol problem." He complains that other "MVS drivers" had "similar problems with alcohol & drugs[,] and they were never removed from MVS Craft." Instead, he argues, they simply were placed "in [] non-driving and driving positions within the MVS craft."

He completed a 90-day alcohol rehabilitation program and entered the Employee Assistance Program ("EAP") as part of the requirement to return. Nevertheless, he was out of work for two years and did not get back to MVS Craft until May 2019, and then only by being reassigned to a different postal facility. He seeks compensation for the years he feels he should have been allowed back into the MVS Craft. He specifically references denials in February 2009, July 2013, October 2013, August 2014, and April 2 and 21, 2015.

Defendant adds that Plaintiff entered into a Pre-Arbitration Settlement/Agreement on April 25, 2008. The terms of this "Settlement/Agreement"[1] show that the "subject grievance" was

---

[1] This document is attached to Defendant's motion but not Plaintiff's complaint. It can be considered, however, on a motion to dismiss as it is "integral" to the complaint and referenced therein. *See Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Because Plaintiff failed to respond to the motion at all, moreover, "there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing, among others, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining a document is "integral" when "the complaint relies heavily upon its terms and effect") (internal quotation marks omitted)).

resolved and closed that same year.  Both parties agreed that "The Notice of Removal dated November 1, 2006" would be reduced to "a Long-Term Suspension with no Back Pay."  During the pendency of this suspension, Mr. Young would be "reassigned" to "Maintenance Craft" as a "Level 3 Custodian, no later than May 10."  It also required that he participate in EAP.  After his "successful participation," it was promised that he would "be allowed to request reassignment into the MVS craft."  (ECF No. 13-2).[2]

## II. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the

---

[2] Because of such language, Defendant argues that the express terms of the arbitration agreement only provided a means by which Mr. Young could "request" reassignment and never guaranteed that any such request would be granted. (ECF No. 13-1, at 8).  Review of the agreement confirms this.

3

court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although the private-sector Title VII exhaustion requirements are mandatory, they are not jurisdictional.  *Fort Bend Cty. V. Davis*, 139 S.Ct. 1843, 1844 (2019)).  This is also true of any statutory claim (not just under Title VII) that is routed through the EEOC as a first step.  *See Webb v. Potomac Elec. Power Comp.*, No. TDC-18-3303, 2020 WL 1083402, at *4 (D.Md. Mar. 6, 2020) (citing *Ford Bend Cty*, 139 S.Ct. at 1843 and *Johnson v. Silver Diner, Inc.*, No. PWG-18-3021, 2019 WL 3717784, at *2 (D.Md. Aug. 7, 2019)) ("The exhaustion requirement of Title VII, and by extension of the ADEA, is not jurisdictional.").  A claim that a plaintiff fails to exhaust his administrative remedies under the ADEA is therefore properly treated under Fed.R.Civ.P. 12(b)(6), along with Defendant's alternative ground for dismissal.

**III. Analysis**

As noted by Defendant, "the ADEA provides two alternative routes for pursuing a claim of age discrimination."  *Ryan v. McAleenan*, No. ELH-19-1968, 2020 WL 1663172, at *16 (D.Md. Apr. 3,

2020) (citing *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5 (1991)). First, a federal employee may go through the EEOC's administrative process and, if unhappy with the results, file a civil action. *Id.* (citing 29 U.S.C. § 633a(b) and (c), the "federal-sector provision of the ADEA" barring "age discrimination against federal employees"); *see also Verrier v. Sebelius*, No. CCB-09-402, 2010 WL 1222740, at *8 (D.Md. Mar. 23, 2010) (quoting *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) ("The 'administrative remedies available for federal employees are significantly broader than the administrative remedies for employees in the private sector'"). The path is the same as for Title VII under 29 C.F.R. § 1614.105(a) and requires the complainant to "initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." *Id.*, at *14, *16 (citing, among others, *Nielsen v. Hagel*, 666 F.App'x 225, 227 (4th Cir. 2016)). Failure to meet that forty-five-day deadline is grounds for dismissal "unless the plaintiff provides evidence that (1) he was unaware of the time limits for contacting an EEO counselor, or (2) the government engaged in affirmative misconduct in relation to the plaintiff seeking counseling." *Verrier*, 2010 WL 1222740, at *8 (citing *Lorenzo v.* Rumsefeld, 465 F.Supp.2d 731, 734 (E.D.Va. 2006, which relies on *Zografov v. Veterans Admin. Med. Ctr.,* 779 F.2d 967, 970 (4th Cir. 1985)).

The other option is to "bypass" the administrative process, which requires giving "written notice of the intent to file suit to the EEOC at least 30 days before filing" and may only be based on events "that occurred within the proceeding 180 days." *Id.*, at *16 (citing § 633a(d) and *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007)).

Mr. Young chose the former route, but Defendant contends that he failed to do so in a timely fashion. The complaint is not entirely clear as to when Mr. Young first approached the Equal Employment Opportunity Commission ("EEOC") to file a complaint,[3] but the Defendant attaches the EEOC dismissal of that complaint which explains that Mr. Young "requested pre-complaint processing on June 1, 2018" in which he "allege[d] discrimination on the basis of Sex (Male), Sex (LGBT), Age (DOB: December 21, 1957), and Retaliation (Prior EEOC Activity), when: Since 2009, your request for reassignment to the Motor Vehicle craft has been denied." This

---

[3] Plaintiff includes a letter, dated September 23, 2019, from an EEO Service Analyst that responds to his appeal of the EEOC decision in this case. It requests the "official EEO complaint" from the EEOC and copies Mr. Young, although noting that his copy was "without enclosure [of the complaint]." (ECF No. 1, at 13). Indeed, Plaintiff did not attach the original EEOC complaint to the complaint. Defendant does, however. (ECF No. 13-3, at 7). Elsewhere in his complaint, Plaintiff refers to a "Notice of Right to Sue Letter" that he purports to have received on the same date that this letter was issued, but none of the subsequent attachments match this description — this despite the complaint form's "Note" to include any such Right to Sue Letter. Insofar as Plaintiff meant to refer to *this* letter as a Right to Sue Letter, he has mischaracterized it. (*See* ECF No. 1, at 4).

letter notes that Plaintiff was issued a "Notice of Right to File an Individual Complaint of Discrimination" on September 8, 2018, and his complaint, signed on September 22, was formalized on September 26. He requested that the purported obligation contained in the arbitration award be honored, having fulfilled its requirements: "I would like to be re-instated into the Motor Vehicle Craft in Southern Maryland as a Motor Vehicle Operator with my original seniority." This complaint was denied by the USPS EEOC via formal letter. (ECF No. 13-3).

The denial, dated October 11, focuses on the technical untimeliness of the formal complaint. A "final interview letter dated September 6, 2018" ("Notice of Right to File") was purportedly sent to Plaintiff and the EEOC asserts that tracking confirmed he signed for it on September 8. It argues this triggered the required fifteen-day window within which Plaintiff had to file his complaint for it to be timely under 29 C.F.R. 1614.604(d). Instead, the commission found, the envelope containing his complaint had a "postmark of September 26, which was **18 days** *after* the last day of the period." The complaint was therefore dismissed as untimely. The letter goes on to imply that, even if timely, the complaint raised the same underlying issues raised by Plaintiff in a previous complaint before the EEOC that he withdrew on April 5, 2017. The EEOC highlights its authority to dismiss "issues that are pending before or have been decided by

7

the agency or Commission." It explained to Plaintiff that he could either appeal to the EEOC within thirty days of receipt of the decision or file a civil action against the Postmaster General within ninety days. (ECF No. 13-3, at 3-5).[4]

Mr. Young filed a timely appeal of this decision to the Office of Federal Operations ("OFO") of the EEOC. This body affirmed the dismissal on November 13, 2019, but on alternative grounds. It pointed to evidence that Mr. Young's original envelope containing his complaint had been returned for inadequate postage and stated, "we find the circumstances presented by Complainant are sufficient to excuse the brief delay in the filing of his complaint." The OFO also discredits the earlier finding that the complaint raised the same claim as the earlier, withdrawn complaint. It states, "The record is not clear as to the substance of the earlier complaint, and it was the Agency's burden to produce such evidence." (ECF No. 13-4, at 3). The OFO instead affirmed the dismissal because the complaint was centered solely around the dispute resolution process and its results. It wrote:

> We find that the formal complaint, as written, indicates that Complainant is alleging that the Agency will not comply with the remedy that he received from an

---

[4] Plaintiff appends some detached pages from what appears to be a letter from the Office of Federal Operations apprising him of his rights during appeal. It reiterates his right to sue within ninety-days from his receipt of "this decision" but notes that such a request would automatically terminate the "administrative processing" of the complaint. (ECF No. 1., at 16).

8

> arbitrator. To that extent, he must raise the matter within the arbitration process not within the EEO complaint process. Under 29 C.F.R. § 1614.107(a)(1), the EEO process cannot be used to lodge a collateral attack against another adjudicatory proceeding, including the negotiated grievance process that includes arbitration

(ECF No. 13-4, at 3).

The complaint in this court, received February 12, 2020, similarly highlights the denials of Mr. Young's reassignment requests but asserts the Age Discrimination in Employment Act of 1967 ("ADEA") under 29 U.S.C. §§ 621 to 634 as its sole basis.[5] Mr. Young also attached two letters to his complaint that further highlight the reassignment denials and their effect on Plaintiff. These report that while he was attempting to get his driver job back, he was "being paid level 3 and missed being paid level 7 for that time period." As such, the "Relief" section of the complaint concludes, "[I] [a]m asking the court for back pay. I was out of

---

[5] While the EEOC's affirmation of the initial dismissal cites Title VII of the Civil Rights Act of 1964 (Title VII) as the basis for the original complaint under 42 U.S.C. § 2000e *et seq.* (ECF No. 13-4, at 2), neither the original complaint nor original dismissal of that complaint make the statutory basis for the complained of discrimination entirely clear. (*See generally* ECF No. 13-3). It can, however, be inferred from the claims of sex discrimination within the original EEOC complaint. Regardless, the separate age discrimination claim is explicitly contained in the original complaint as well, even if reference to this statutory provision is not. Plaintiff seemingly is not pursuing these other claims and brings his current suit solely under ADEA. His complaint also notes that the age discrimination claim was brought more than sixty days after he filed his charge with the EEOC, as required. (ECF No. 1, at 4).

work for almost 2 years[.]  Lost my place of resident.  And almost lost my family." (*Id.*, at 5-6, 8-10).

Based on the procedural requirements for the appeal route chosen by Plaintiff, any claim predicated on actions of his employer that predated April 17, 2018, forty-five days before he first contacted an EEO Counselor on June 1, 2018, are time-barred. (ECF No. 13-1, at 7).  He has provided no evidence that he was unaware of this timeframe or that the government engaged in any sort of misconduct to dissuade or delay Plaintiff from seeking to redress his perceived grievances.  Defendant argues that the complaint contains "no allegations of any personnel actions that occurred after April 17, 2018.  Instead the most recent action asserted in the complaint occurred in April 2015 [when Plaintiff reports his request for reassignment was again denied] — more than two years before."  The complaint will therefore be dismissed as untimely.[6]  Defendant's "Alternative Grounds" for dismissal need not be addressed.

---

[6] USPS explains that even if Mr. Young were to argue that he was pursuing the "bypass" option, his claim would fail.  The bypass option would have required giving the Commission thirty days' notice of the intent to sue and could only seek relief for conduct occurring in the prior 180 days.  The last denial alleged was on April 21, 2015, which, as USPS correctly calculates, makes October 18, 2015, the last date on which the conduct in question could be alleged when following this path; as such, it is equally unavailing to Plaintiff.  (*See* ECF No. 13-1, at 8 n.3).

10

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge